Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. MARCHAND, an individual,<br><br>　　　　Plaintiff<br><br>v.<br><br>CHASE BANK USA, N.A.; et al,<br><br>　　　　Defendants. | Case No.: CV10-9805-DDP (JCx)<br><br>**Plaintiff's Memorandum of Points and Authorities in Support of His Motion to Dismiss Defendant's Counterclaim**<br><br>Date:　February 14, 2011<br>Time:　10:00 a.m.<br>Courtroom: 3 – 2nd Floor<br><br>**The Hon. Dean D. Pregerson** |

## I.
## INTRODUCTION

　　Federal law is clear that a state debt-collection action is not a compulsory counterclaim to an action alleging unlawful debt collection. Courts in this and other federal circuits have consistently rejected supplemental jurisdiction over state debt-collection actions because they do not involve questions of federal significance. Defendant's counterclaim should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(1) for lack of subject-matter jurisdiction over the counterclaim.

## II.
## STATEMENT OF FACTS

Plaintiff Kenneth A. Marchand obtained a number of credit cards from Defendant (collectively referred to as "the Debt"). Plaintiff then experienced financial difficulties and Defendant began calling to collect the Debt. Defendant called Plaintiff every day and on certain days it called him in excess of fifteen (15) times.

To help stop the calls Plaintiff joined a debt settlement company and informed Defendant. Defendant continued to continuously call Plaintiff and refused to work with the debt settlement company. Defendant further threatened Plaintiff with legal action, the attachment of his house, and adverse tax consequences.

Plaintiff then managed to negotiate a settlement on each of his accounts. Plaintiff provided Defendant with his bank account information so Defendant could automatically debit his account as agreed. Defendant debited Plaintiff's account in the agreed upon amounts thereby settling each account.

After Defendant extracted the money from Plaintiff's account it then falsely stated that each account was removed from the settlement program because of missed or returned payments. In fact, no payments were missed or returned. Nevertheless, Defendant continued to demand an amount in excess of the agreed upon settlements.

Defendant then reinstituted its campaign of phone callsby calling Plaintiff's home and cell on a daily basis. It called Plaintiff seventy-five (75) more times to collect the Debt. Defendant also called Plaintiff at his place of employment multiple times. Plaintiff pleaded with Defendant to stop the calls; however, Defendant ignored his requests.

Defendant then changed its story and invented another reason why the calls began again. Defendant falsely stated that Plaintiff had called and asked that the accounts be removed from the settlement agreement even though he had been paying as agreed. Eventually Plaintiff's attorney sent a notice of representation and cease and desist letter to Defendant. At that time the Defendant was required under law to stop all direct communication with Plaintiff and only correspond with his attorney. However, Defendant

ignored the letters from Plaintiff's attorney and continued to contact Plaintiff directly.

## III.
## PROCEDURAL HISTORY

On or about December 2, 2010, Plaintiff served and filed his First Amended Complaint in state court against Defendant and included following four causes of action: violation of the Rosenthal Fair Debt Collections Practices Act, Invasion of Privacy, Breach of Oral Contracts and Breach of the Covenant of Good Faith and Fair Dealing. It should be noted that Plaintiff's Breach of Oral Contracts cause of action is based on the settlement agreements entered into between Plaintiff and Defendant. It is not based on the underlying credit card agreement that Defendant is bringing its counterclaim upon. Defendant then removed this case to federal court, and filed an answer and the present counterclaim. Plaintiff moves to dismiss the counterclaim.

## IV.
## ARGUMENT

**A.   A State Collection Action Is Not a Compulsory Counterclaim to an Unlawful Debt Collection Action.**

Plaintiff's case involves the state Rosenthal Fair Debt Collections Practices Act. However, cases interpreted under its federal counterpart, the Fair Debt Collections Practices (FDCPA), can be instructive.  Federal courts routinely hold that a collection suit is not a compulsory counterclaim to an unlawful debt collection suit and routinely grant motions to dismiss such counterclaims.  *See, e.g.,* Campos v. Western Dental Servs. (N.D.Cal. 2005) 404 F.Supp.2d 1164; Sparrow v. Mazda Am. Credit (E.D. Cal. 2005) 385 F.Supp.2d 1063; Koumarin v. Chase Bank USA (N.D. Cal. 2008) 2008 WL 5120053; and Avery v. First Resolution Mgmt. Corp. (D.Or.2007) 2007 WL 1560653 (declining to exercise supplemental jurisdiction "because of the public policy underlying the FDCPA and because the counterclaim may substantially predominate over plaintiff's FDCPA claims.") *affirmed by* Avery v. First Resolution Management Corp. (9th Cir. 2009) 568 F.3d 1018 (although the counterclaim issue was not in contention on appeal, the Ninth Circuit affirmed district court's

decision which *inter alia* refused to exercise supplemental jurisdiction over debt collector's counterclaim in an FDCPA case).

The court in Campos stated, "Whether a plaintiff in an unfair debt collections practices action actually has outstanding debt is irrelevant to the merits of the FDCPA claim, and thus defendant Western's evidence of a valid contract is not relevant to plaintiffs claim." Campos, 404 F.Supp.2d at 1169.  The two claims are not related; the Sparrow court articulated the distinction:

> The FDCPA claim relates to the application of the FDCPA and focuses on the narrow realm of facts concerning the use of abusive, deceptive and/or unfair debt collection practices by the defendants.  On the other hand, the defendant's counterclaim encompasses a private duty under state law and requires a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff and monetary damages resulting from the breach.  Sparrow, 385 F.Supp.2d at 1068.

Here, like in Campos and Sparrow, Plaintiff's claim and Defendant's counterclaim do not arise out the same transaction or occurrence. Thus, Defendant's counterclaim is not compulsory.

The case-law is consistent in other circuits.  *See, e.g.,* Hurtado v. Tam Finance Corporation, 2007 WL 1746884 (W. Dist. Tex. 2007) (dismissing state law counterclaim because "All courts that have considered the matter…have concluded that a debt counterclaim is distinct from and not logically related to a plaintiffs FDCPA claim…"); Moore v. Old Canal Financial Corporation, 2006 WL 851114 (D.Idaho 2006) ("the state law involved in Defendant's counterclaim will predominate the case to the point that exercising jurisdiction over the counterclaim would be improper. Particularly in light of the fact that the policy for claims brought under the FDCPA is to provide redress…regardless of whether the underlying debt is valid."); and Leatherwood v. Universal Bus. Serv. Co., 115 F.R.D. 48 (W.D.N.Y. 1987) (if such a counterclaim was allowed it would "involve this Court in questions of no federal significance.").

B.   **The Court Should Decline To Exercise Supplemental Jurisdiction Because Of the Strong Public Policy Behind Unlawful Debt Collection Statutes.**

As Defendant's counterclaim is permissive, supplemental jurisdiction under 28 U.S.C. §1367(a) should be denied. <u>Marlin v. Chase Cardmember Servicers,</u> 2009 WL 1405196 (E.D.Cal. 2009) ("***<u>federal courts should be loath to become immersed in debt collection suits</u>*** of…the target of the very legislation under which a FDCPA plaintiff states a cause of action."(emphasis added)).

The court in <u>Campos</u>, *supra*, cited 28 U.S.C. Section 1367(c) and declined to exercise supplemental jurisdiction on the basis that "declining to exercise discretion over defendant Western's counterclaim is supported by both the public policy behind the FDCPA and the potential that defendant Western's counterclaim may substantially predominate over the original federal claim." <u>Campos</u>, 404 F.Supp.2d at 1171. The public policy behind the FDCPA is "to protect individuals from unfair debt collection practices, regardless of the validity of the underlying debt." *Id.* at 1170. The <u>Sparrow</u> court found that the strong public policy underlying the FDCPA "satisfies the exceptional circumstances requirement to support an order declining to exercise supplemental jurisdiction…" <u>Sparrow</u>, 385 F.Supp.2d at 1071.

In <u>Avery</u>, the Court stated, "A major purpose of the FDCPA is to protect individuals from unfair debt collection practices regardless of whether the individual actually owes a debt…This purpose provides a compelling reason for declining to exercise supplemental jurisdiction here." <u>Avery</u>, 2007 WL 1560653 at 25.

In a more recent decision on the issue, the court stated it was "persuaded to follow the majority of the district courts in the Ninth Circuit that strong public policy reasons exist for declining to exercise jurisdiction over [the debt collector's] Counterclaim." <u>Randall v. Nelson & Kennard</u> (D.Ariz 2009) 2009 WL 2710141.

//
//
//

## V.
## CONCLUSION

Well-established precedent in this circuit (and across the country) makes clear that this court should decline to exercise supplemental jurisdiction over Defendant's state law debt collection claim. Plaintiff respectfully requests that the court grant Plaintiff's motion to dismiss Defendant's counterclaim for lack of subject matter jurisdiction.

GOLDEN & CARDONA-LOYA, LLP

DATED: January 13, 2011          BY:    /s/ Jeremy S. Golden
                                        Jeremy S. Golden
                                        Attorney for Plaintiff