1

2

3                                                                    O

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

11   KENNETH A. MARCHAND,            )   Case No. CV 10-09805 DDP (JCx)
                                     )
12                Plaintiff,         )   **ORDER GRANTING PLAINTIFF'S MOTION**
                                     )   **TO DISMISS COUNTERCLAIM**
13        v.                         )
                                     )
14   CHASE BANK USA, N.A., a         )
     corporation,                    )
15                                   )   [Motion filed on 1/13/11]
                  Defendants.        )
16   _____ )

17

18        Presently before the court is Plaintiff Kenneth A. Marchand's

19   Motion To Dismiss Counterclaim.  After reviewing the parties'

20   moving papers and hearing oral argument, the court grants the

21   motion and adopts the following order.

22   **I.   Background**

23        On December 6, 2010, Plaintiff filed a First Amended Complaint

24   ("FAC") against Defendant Chase Bank USA, N.A. ("Chase") in the

25   Superior Court of California.  (FAC at 1.)  The FAC alleged that in

26   September 2009, Chase began placing harassing and intimidating

27   phone calls to Plaintiff in an attempt to collect on Plaintiff's

28   credit card debt.  (FAC ¶¶ 9-41.)  The FAC further alleged that in

1  March 2010, the parties entered into several verbal agreements to

2  settle the debt.  (FAC ¶¶ 18-26).

3       The FAC alleged four causes of action: (1) violations of

4  California's Rosenthal Fair Debt Collection Practices Act

5  ("California FDCPA"), California Civil Code § 1788, et. seq.; (2)

6  invasion of privacy; (3) breach of the March 2010 oral contracts;

7  and (4) breach of the covenant of good faith and fair dealing with

8  respect to the March 2010 oral contracts.  (FAC at 9-11.)

9       Chase removed to this court on December 20, 2010.  (Dkt. No.

10  1.)  On December 27, Chase filed a counterclaim against Plaintiff,

11  alleging breach of three credit card agreements made between 1999

12  and 2007, and seeking $5,321.03 in damages ("the underlying debt").

13  (Dkt. No. 6.)  Plaintiff now moves to dismiss the counterclaim for

14  lack of subject-matter jurisdiction.

15  **II. Discussion**

16       This court does not have original diversity jurisdiction

17  over Chase's counterclaim for $5,321.03 because the amount in

18  controversy requirement is not met.  See 28 U.S.C. § 1332.  The

19  question, then, is whether this court may exercise supplemental

20  jurisdiction over Chase's counterclaim under 28 U.S.C. § 1367(a).

21  Supplemental jurisdiction exists if the counterclaim bears close

22  enough relation to the claims over which the court has original

23  jurisdiction so as to constitute a single case or controversy.  28

24  U.S.C. § 1367(a).

25       A.  Compulsory and Permissive Counterclaims

26       A counterclaim may be either compulsory or permissive.  Fed.

27  R. Civ. P. 13.  If a counterclaim "arises out of the transaction or

28  occurrence that is the subject matter of the opposing party's

2

1   claim," the counterclaim is compulsory.  Fed. R. Civ. P.
2   13(a)(1)(A).  Because a compulsory counterclaim arises out of the
3   same transaction as the related claim, the two can be viewed as
4   part of the same case or controversy.  <u>Campos v. Western Dental</u>
5   <u>Servs., Inc.</u>, 404 F.Supp.2d 1164, 1167 (N.D. Cal. 2005).  Thus,
6   courts do have supplemental jurisdiction over compulsory
7   counterclaims.
8       Here, Chase argues that its counterclaim is compulsory because
9   it arises out of the same transactions at issue in the FAC's third
10  and fourth causes of action.  (Opposition at 2.)  To determine
11  whether the claim and counterclaim arise out of the same
12  transaction, the court applies a "logical relationship" test to
13  "analyze whether the essential facts of the various claims are so
14  logically connected that considerations of judicial economy and
15  fairness dictate that all issues be resolved in one lawsuit."
16  <u>Pochiro v. Prudential Ins. Co. of America</u>, 827 F.2d 1246, 1249 (9th
17  Cir. 1987) (citation omitted).
18      The claims and counterclaim at issue here are not so logically
19  connected as to constitute a single transaction.
20  Chase's arguments conflate the underlying credit card holder
21  agreements, upon which the counterclaim is based, with the March
22  2010 oral agreements that constitute the bases for counts three and
23  four.  Whether Plaintiff breached the credit card agreements,
24  formed between 1999 and 2007, has no bearing on whether Chase
25  breached the March 2010 agreements.  In similar cases under the
26  federal Fair Debt Collection Practices Act, courts in this circuit
27  have regularly made similar conclusions.  <u>See</u>, <u>e.g.</u>, <u>Campos</u>, 404
28  F.Supp. at 1169 ("Whether a plaintiff in an unfair debt collection

3

practices action actually has outstanding debt is irrelevant to the merits of the FDCPA claim"); Sparrow v. Mazda American Credit, 385 F.Supp.2d 1063, 1068 (Explaining cases holding that "breach of contract counterclaims for the underlying debt are not 'logically connected' to the unfair-collection-practices claim, despite that they both relate to the same debt").  Accordingly, Chase's counterclaim is permissive, not compulsory.

B.  Supplemental Jurisdiction Over Permissive Counterclaims

Having determined that Chase's counterclaim is permissive, the question remains whether this court may exercise supplemental jurisdiction over the counterclaim.  The Ninth Circuit has yet to express an opinion on whether permissive counterclaims require an independent jurisdictional basis beyond 28 U.S.C. § 1367(a)'s "same case and controversy" requirement.  Sparrow, 385 F.Supp.2d at 1066-67.  The Second and Seventh Circuits, however, have held that 28 U.S.C. § 1367(a) allows district courts to exercise supplemental jurisdiction over either compulsory or permissive counterclaims. Jones v. Ford Motor Credit Co., 358 F.3d 205, 212-13 (2d Cir.2004); Channell v. Citicorp Nat'l Servs., Inc., 89 F.3d 379, 384 (7th Cir.1996).[1]  Courts in this circuit have therefore exercised supplemental jurisdiction over certain permissive counterclaims. See, e.g. Marlin v. Chase Cardmember Servs., 2009 WL 1405196 *4 (E.D. Cal. 2009).

---

[1] As other courts have noted, the extension of supplemental jurisdiction to both compulsory and permissive counterclaims renders the compulsory/permissive analysis somewhat redundant.  See Sparrow, 385 F.Supp.2d at 1070 n.4.  Those circuits which have approved the exercise of supplemental jurisdiction have also dispensed with the compulsory/permissive counterclaim inquiry.  Id. at 1067.

1    The "same case and controversy" requirement for supplemental

2  jurisdiction under 28 U.S.C. § 1367(a) requires only a "loose

3  factual connection between the claims."  Channell, 89 F.3d at 385.

4  Here, though the claims and counterclaim do not arise from the same

5  transaction or occurrence, the claims and counterclaim do share at

6  least a "loose factual connection."  Other courts have found such

7  relationships sufficient to confer supplemental jurisdiction in

8  similar cases.  See, e.g. Marlin, 2009 WL 1405196 *4; Koumarian v.

9  Chase Bank USA, N.A., 2008 WL 5120053 *3 (N.D. Cal. 2008); Sparrow,

10 385 F.Supp.2d at 1070.  Accordingly, this court does have

11 supplemental jurisdiction over Chase's counterclaim.

12    C.  Discretion to Exercise Supplemental Jurisdiction

13    Having determined that there is supplemental jurisdiction over

14 Chase's counterclaim, this court must now determine whether to

15 exercise that jurisdiction.  The court may decline to exercise

16 supplemental jurisdiction where (1) the claim raises a novel or

17 complex issue of State law, (2) the claim substantially

18 predominates over the claim or claims over which the district court

19 has original jurisdiction,(3) the district court has dismissed all

20 claims over which it has original jurisdiction, or

21 (4) in exceptional circumstances, there are other compelling

22 reasons for declining jurisdiction.  28 U.S.C. § 1367(c).

23    While the decision whether to exercise jurisdiction is fact-

24 specific, the majority of courts in this circuit have declined

25 jurisdiction over permissive debt-collection counterclaims, such as

26 Chase's counterclaim here.  See, e.g. Marlin, 2009 WL 1405196 *4;

27 Sparrow, 385 F.Supp.2d at 1070; Campos, 404 F.Supp.2d at 1169-71.

28 As these courts have noted, "federal courts should be loath to

5

1   become immersed in the debt collection suits of . . . the target of

2   the very legislation under which" plaintiffs seek redress for

3   unlawful debt collection practices.  Sparrow, 385 F.Supp.2d at

4   1071.  "[A]llowing a debt collector to bring an action for the

5   underlying debt in a case brought under the FDCPA may deter

6   litigants from pursuing their rights . . . ."  Marlin, 2009 WL

7   1405196 *4.[2]  The court therefore declines to exercise supplemental

8   jurisdiction over Chase's permissive state law counterclaim.

9   **IV.   Conclusion**

10       For the reasons set forth above, Plaintiff's Motion to Dismiss

11   Defendant's Counterclaim is GRANTED.

12

13   IT IS SO ORDERED.

14

15

16   Dated: April 5, 2011

17                                   DEAN D. PREGERSON
                                    United States District Judge

18

19

20

21

22

23

24

25

26
_____

27       [2]Contrary to Chase's assertion, this logic applies with equal
     force to suits brought under state FDCPAs.  The Sparrow line of
28   cases, in which courts declined to exercise supplemental
     jurisdiction, also included state FDCPA claims.